UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ERNEST ROBERTS,

                Movant,

        -against-

UNITED STATES OF AMERICA,

                Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED #: 11/12/09

09 Civ. 6596 (LAK)
(03 Crim. 1369 (LAK))

**ORDER**

LEWIS A. KAPLAN, *District Judge.*

      Ernest Roberts was convicted of unlicensed dealing in firearms in violation of 18 U.S.C. § 922(a)(1)(A) and of conspiracy to do so and sentenced principally to a term of imprisonment of 51 months. The conviction was affirmed on appeal. He now moves, pursuant to 28 U.S.C. § 2255, to vacate, modify or set aside his sentence. Although the motion purports to state five grounds, all are variations on the theme that he did not receive the effective assistance of trial counsel.

      The motion is without merit, and there is no need for an evidentiary hearing, substantially for the reasons set forth in the government's papers in opposition. I write merely to make or emphasize the following two points.

      First, Roberts claims that trial counsel was ineffective because he labored from a conflict of interest in consequence of having been appointed as counsel pursuant to the Criminal Justice Act at a point at which it appeared that Roberts was unable to continue to pay him. Quite apart from the fact that the point is precluded by virtue of the failure to raise it on direct appeal, there is simply no basis to the assertion that there was any conflict of interest.

      Next, Roberts claims that trial counsel was ineffective because counsel forced him to take the stand without preparation. To the extent, if any, that Roberts is claiming that his lawyer forced him to testify against his will, the claim is contradicted by the record, most notably but not exclusively by the Court's careful instruction to Roberts in advance of his testimony that the decision whether he took the stand in his own defense was his alone. Tr. 235. The assertion that Roberts was not properly prepared by his attorney is baseless in light of Mr. Levenson's affirmation and time

2

records. Even if it were not, Roberts has failed to demonstrate that additional preparation probably would have led to a different result, particularly in light of the evidence against him. In consequence, he has not satisfied the second *Strickland* prong.

Accordingly, the motion is denied. A certificate of appealability is denied, and the Court certifies that any appeal herefrom would not be taken in good faith within the meaning of 28 U.S.C. §1915(a)(3). The Clerk shall close the case.

SO ORDERED.

Dated:     November 12, 2009

Lewis A. Kaplan
United States District Judge